Daniel Judge,
after stating the case proceeded as follows: The act of 1826 (1 Rev. Stat. ch. 65 sec. 13.) declares that the presumption of payment of .a judgment shall arise within ten years after the right of action on the same shall have occrued, and on the same rules as now exist at law in such cases. The Judge, in his charge, told the jury that the law presumed the debt was paid. The plaintiff’s counsel now contends that the circumstance of Mrs. Johnson being a feme covert at the time the judgment was confessed to her, and her continuing so up to this time, was sufficient to repel the presumption of payment; and therefore the Judge erred in his charge to the jury. We are of a different opinion from the counsel. Suppose an action had been commenced by a feme, whilst she was single, and she had married pending the suit, and. at common law the defendant had not pleaded that fact in abatement since the last continuance, she would notwithstanding her marriage have had final judgment in her favor which could not have been reversed in a writ of error. The present judgment, it seems to us, stands upon the same footing; the husband in each case would have had entire control over it, and might have issued execution and collected the money. Two executions have been issued on this judgment, which we must understand to have been ordered by the husband, as the wife had not legal ability to execute a power of attorney to cause the executions to be issued. The more correct way would have been for the husband to have made himself a party by scire facias, as in the case of a judgment obtained by a feme dum, sola, and who had married before execution. But the husband has elected to act on this judgment; and the cases cited for the plaintiff of a bond or promissory note given to a feme covert (and not dissented to or sued on by the husband) surviving to the wife or her administrator, does not here apply. The fact of these exe'cutions having been issued, goes *72 to strengthen the presumption of payment. There is no sav'ng clause in the act of 1826, or in any of the rules of the common law therein referred to, to take this case out of its operation. Therefore the judgment must be affirmed.
Per Curiam. Judgment affirmed.